IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUTH MELANIE CASTRO <br> 10430 EDGEFIELD DR <br> ADELPHI, MD 20783 <br><br> *Individually and on Behalf of All* <br> *Others Similarly Situated* <br><br> PLAINTIFF, <br><br> v. <br><br> TIERNO CARE HOME HEALTH AGENCY, INC. <br> D/B/A TIERNO CARE AGENCY <br> 1752 COLUMBIA RD NW STE 2 <br> WASHINGTON, DC 20009 <br><br>     SERVE: SONIA COLBERT <br>     1752 COLUMBIA ROAD NW, STE 2 <br>     WASHINGTON, DC 20009 <br><br> J & S HEALTH CARE, LLC <br> 1629 K ST NW STE 300 <br> WASHINGTON DC 20006 <br><br>     SERVE: JOSE DOLORES CRUZ <br>     1629 K ST, NW, SUITE 300 <br>     WASHINGTON DC 20006 <br><br> PROFESSIONAL HEALTHCARE <br> RESOURCES OF WASHINGTON DC, INC. <br> 501 SCHOOL STREET SW, SUITE 200 <br> WASHINGTON, DC 20024 <br><br>     SERVE: CT CORPORATION SYSTEM <br>     1015 15TH ST NW <br>     WASHINGTON DC 20005 <br><br> SONIA COLBERT <br> 1101 L ST, NW #204 <br> WASHINGTON, DC 20005 <br><br> JOSE DOLORES CRUZ ROMERO | Case No.: 1:21-282 |

| | |
|---|---|
| 1101 L ST, NW #204 | * |
| WASHINGTON, DC 20005 | * |
| | * |
| DEFENDANTS. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff, Ruth Melanie Castro (formerly Ruth Melanie Santos), on behalf of herself and all other similarly situated individuals, opt-in Plaintiffs and Class members (collectively "Plaintiffs"), hereby bring this Class and Collective Action Complaint against Defendants Tierno Care Home Health Agency, Inc. d/b/a Tierno Care Agency ("Tierno Care Agency"), J & S Health Care, LLC ("J & S Health Care"), Professional Healthcare Resources of Washington DC, Inc. ("Professional Healthcare Resources"), Sonia Colbert and Jose Dolores Cruz Romero (collectively, "Defendants") to recover damages under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Collection Law D.C. Code §§ 32-1301 *et seq.* ("DCWPCL") as set forth below.

## PARTIES AND JURISDICTION

1. This action is brought by Plaintiff individually and on behalf of other similarly situated individuals seeking unpaid wages, back-pay, restitution, liquidated damages, reasonable attorney's fees and costs, and all related penalties and damages under the FLSA, DCMWA and the DCWPCL.

2. Ruth Melanie Castro is an adult resident of the State of Maryland. By participating as a named Plaintiff in this action, Ruth Melanie Castro consents to prosecute her claims against Defendants under the FLSA.

3. Tierno Care Agency is a D.C. corporation doing business in the District of Columbia.

4. Sonia Colbert owns and operates Tierno Care Agency.

5. J & S Health Care is a D.C. limited liability company doing business in the District of Columbia.

6. Jose Dolores Cruz Romero owns and operates J & S Health Care.

7. Sonia Colbert and Jose Dolores Cruz Romero are husband and wife.

8. Professional Healthcare Resources is a D.C. corporation doing business in the District of Columbia. Professional Healthcare Resources contracts with Tierno Care Agency and J & S Health Care.

9. At all times material herein, Defendants, in the aggregate and in the individual, have had annual gross volume of sales made or business done in an amount exceeding $500,000.00 and thus Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

10. At all times during Plaintiff's employment, Plaintiff was an employee who, while engaged in employment duties, handled, sold, and otherwise worked on goods and materials (namely home aide supplies and other related item) that were moved in or produced for commerce. Thus, Plaintiff individual employee who engaged in commerce or the production of goods for commerce under 29 U.S.C. §§ 206-207.

11. Ms. Castro was employed by Defendants in the District of Columbia as a home health care aide.

12. At all times, Defendants were Plaintiff's "employers" for purposes of the FLSA, the DCMWA and the DCWPCL. Plaintiff worked in the District of Columbia

13. This Court has jurisdiction over Defendants pursuant to § 16(b) of the FLSA, 29 U.S.C. §216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any

Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391(b).

14. All alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness, and convenience for the parties.

15. Prior to filing suit, the parties entered into two separate tolling agreements. Therefore, the appliable statute of limitations was tolled during the respective agreement's "Tolling Periods."

## FACTS

16. Ruth Melanie Castro worked for Tierno Care Agency from approximately 2010 until July 31, 2020 as a home health care aide.

17. During the entire statutory period, Professional Healthcare Resources contracted with Tierno Care Agency for Tierno Care Agency to supply home healthcare workers to its patients.

18. Plaintiff and the putative class members note their time and document their care on official Professional Healthcare Resources Paperwork.

19. During the Relevant Period, Plaintiff has generally worked with one patient, providing him virtually round the clock care.

20. During the Relevant Period, Ms. Castro frequently worked over 75 hours per week.

21. During the relevant period, Defendants paid Ms. Castro between roughly $14.00 and $14.50 per hour.

22. However, Defendants failed to pay Ms. Castro at one-and-one-half times (1.5x) her regular rate for all hours she worked over forty.

23. Plaintiff and the putative class receive their payments through check, which is

directly deposited into their accounts.

24. In roughly 2016, in an apparent effort to minimize the number of overtime hours showing on employees' checks, Defendants started splitting Plaintiff and the putative class's checks into two. One of the checks came from Sonia Colbert's company - Tierno Care Agency - and one of the checks came Ms. Colbert's husband's (Jose Dolores Cruz Romero) company - J & S Health Care.

25. When this change was made, Ms. Castro had not applied for any new position, her job title or job responsibilities did not change, and there was no delineation between Tierno Care Agency or J & S Health Care. Ms. Castro continued to work on behalf of a single patient.

26. The checks from J & S and Tierno Care Agency were identical and there was no way to know which of the checks came from which entity.

27. Even after Defendants started paying Plaintiff in two checks, Plaintiff sometimes still had unpaid overtime in each check.

28. Ms. Castro's primary work duties did not qualify for any exemption under the FLSA, DCMWA or the DCWPCL.

## FACTUAL ALLEGATIONS COMMON TO CLASS AND COLLECTIVE

29. Plaintiff and similarly situated employees worked for Defendants as home health aides.

30. Defendants employ roughly 50 home aides at any time. During the relevant period, a number of additional home aides joined and left their employ with Defendants.

31. During the relevant period, Defendants paid Plaintiff and similarly situated home health aide employees bi-monthly on an hourly basis.

32. Defendants compensated Plaintiff and similarly situated employees at their regular

5

hourly rate for all hours the worked, even for the hours worked over forty.

33. Defendants maintained records of the hours and rates of pay that Plaintiff and similarly situated aides worked.

34. The number of hours worked and the rate of each of those hours is set forth in the paystubs of each Plaintiff and similarly situated aide.

35. Defendants failed to pay Plaintiff time and similarly situated aides at the rate of time and a half all hours Plaintiffs worked over forty, as required by the FLSA and the DCMWA.

36. Tierno Care Agency, J & S Health Care, and Professional Healthcare Resources are joint employers. Plaintiffs coordinated with Professional Healthcare Resources regarding patient care. Professional Healthcare Resources managed Plaintiff's time sheets and required Plaintiff to fill other employment paperwork. Professional Healthcare Resources closely monitored Plaintiffs' work and required Plaintiffs to provide detailed summaries of how they were spending their time and the care they were providing.

37. Sonia Colbert owned and operated Tierno Care Agency during the relevant period. Jose Dolores Cruz Romero owned and operated J & S Health Care. During this period, Sonia Colbert and Jose Dolores Cruz Romero:

   a. Had the power to hire, fire, suspend, and otherwise discipline Plaintiffs;

   b. Had the power to supervise Plaintiffs' work duties to ensure their work was of sufficient quality;

   c. Set and controlled Plaintiffs' work schedule or had the power to set and control Plaintiffs' work schedule;

   d. Set and determined or had the power to set and determine Plaintiffs' rate and method of pay; and

e. Controlled, and was in charge of, Tierno Care Agency and J & S Health Care's day-to-day operations.

38. Defendants' failure and refusal to pay Plaintiffs the wages they rightfully earned as required by the FLSA, the DCMWA and DCWPCL was willful and intentional, and was not in good faith.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiff brings her claims as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308, individually and on behalf of all similarly situated employees.

40. Pursuit of this action collectively will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

41. Plaintiff requests to serve as representative of those who consent to participate in this action, and that this action be conditionally certified as a collective action pursuant to 29 U.S.C. § 216(b) and D.C. Code § 32-1308.

42. Pursuant to 29 U.S.C. § 216(b), by acting as the named Plaintiff in this action, Plaintiff affirmatively consents in writing to be a Plaintiff and to recovery unpaid wages and damages sought in this action.

## DCMWA/DCWPCL CLASS ACTION ALLEGATIONS

43. Plaintiff seeks to pursue her claims as a class action pursuant to Rule 23(a), Rule 23(b)(3), and Rule 23-1 of the D.C. Rules of Civil Procedure and D.C. Code § 32-1308, on behalf of herself and all similarly situated employees, for relief to redress and remedy Defendants' violations of the DCMWA and DCWPCL.

44. Pursuit of this action as a class will provide the most efficient mechanism for adjudicating the claims of Plaintiffs.

45. <u>Definition of Class</u>: Plaintiff seeks to certify a class action of all health care aides that worked for Tierno Care Agency and/or J & S Health Care during the statutory period, worked over forty hours at least one work-week during the statutory period, and was not paid time and a half their regular hourly rate for the hours worked over forty.

46. <u>Numerosity</u>: The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class comprises at least fifty (50) individuals.

47. <u>Common Questions Predominate</u>: There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class, and these common questions of law and fact predominate over any questions affecting members of the proposed class individually.

48. The common questions of law and fact are set forth above and include, but are not limited to: Whether Defendants compensated Plaintiff and the putative class at the rate of time and a half Plaintiffs' hourly rate for all hours Plaintiffs worked each week.

49. <u>Typicality</u>: The claims of Plaintiff is typical of the claims of each proposed class member, and the relief sought is typical of the relief which would be sought by each member of the class in separate actions.

50. All putative class members were subject to the same compensation practices of Defendants, as alleged herein.

51. Defendants' compensation policies and practices affected all putative class members similarly.

52. Plaintiff and the Class Members sustained similar losses, injuries, and damages

arising from the same unlawful policies, practices, and procedures perpetrated by Defendants.

53. <u>Adequacy of Representation</u>: Plaintiff individually and collectively is able to fairly and adequately protect the interests of all members of the proposed class, and there are no known conflicts of interest between any of the Plaintiff and members of the proposed class.

54. Additionally, Plaintiff has retained counsel who is experienced and competent in both wage and hour law and complex class action litigation. Undersigned counsel has successfully litigated numerous class and collective action claims in both state and federal courts.

55. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual class members may be small for some in the sense pertinent to the class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

56. Further, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially greater than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for Defendants, and resulting in the impairment

of class members' rights and the disposition of their interests through actions to which they are not parties. The issue in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

57. <u>Public Policy Considerations</u>: Defendants violated the District of Columbia wage payment laws. Just as current employees are often afraid to assert their rights out of fear of direct or indirect retaliation, former employees may also be fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class action lawsuits provide class members who are not named in the Complaint a degree of anonymity, which allows for vindication of their rights while eliminating or reducing these risks

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act
### (Overtime)

58. Plaintiff and the putative collective re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

59. The FLSA mandates that an employer must pay employees overtime wages in the amount of one-and-one-half times (1.5x) the employee's regular rate of pay for all hours worked each week in excess of forty (40) ("overtime hours").

60. At all times, Plaintiffs were a "employees" covered by § 207(a)(1) of the FLSA, and Defendants were Plaintiffs' "employers" under § 207(a)(2) of the FLSA.

61. Defendants, as Plaintiffs' employers, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate for all overtime hours

Plaintiffs worked.

62. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours during her employment.

63. As set forth above, Defendants failed and refused to pay Plaintiffs one-and-one-half (1.5x) their regular rate for all overtime hours worked.

64. Defendants' failure and refusal to pay Plaintiffs as required by the FLSA, was willful and intentional, and was not in good faith.

WHEREFORE, Defendants are liable to Plaintiffs under Count I for all unpaid overtime wages in an amount to be proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

### COUNT II
### Violation of D.C. Minimum Wage Act Revision Act of 1992
### (Overtime)

65. Plaintiff and the putative class re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

66. Plaintiffs were Defendants' "employees," and Defendants were Plaintiffs' "employers" within the meaning of the DCMWA, D.C. Code §§ 32-1001 *et seq.*

67. Defendants, as Plaintiffs' employers under the DCMWA, were obligated to compensate Plaintiffs at the overtime rate of one-and-one-half times (1.5x) Plaintiffs' regular rate of pay for all hours worked per week in excess of forty (40) ("overtime hours").

68. As set forth above, Defendants had knowledge and suffered or permitted Plaintiffs to work many overtime hours each week during Plaintiffs' employment.

69. As set forth above, Defendants failed and refused to pay Plaintiffs time-and-one-

11

half (1.5x) their regular rate for all the overtime hours worked.

70. There was no objective good faith basis for Defendants' failure and refusal to pay Plaintiffs as required by the DCMWA.

71. Additionally, Defendants have not promptly paid Plaintiffs for all wages due.

WHEREFORE, Defendants are liable to Plaintiffs under Count II, for all unpaid wages in an amount to be proven at trial, plus treble damages, attorney's fees, costs, and any other and further relief this Court deems appropriate.

### COUNT III
### Violation of the D.C. Wage Payment and Wage Collection Law
### (Unpaid Wages)

72. Plaintiff and the putative class re-allege and re-assert each and every allegation set forth above as if each were set forth herein.

73. Plaintiffs were "employees" and Defendants were Plaintiffs' "employers" within the meaning of the DCWPCL.

74. Under the DCWPCL, Defendants were obligated to pay Plaintiffs all wages earned and owed for work that Plaintiffs performed.

75. "Wages" pursuant to DCWPCL (DC Code § 32–1301(3)), "includes a: (A) Bonus; (B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other remuneration promised or owed: (i) Pursuant to a contract for employment, whether written or oral; (ii) Pursuant to a contract between an employer and another person or entity; or (iii) pursuant to District or Federal law."

76. Plaintiffs performed work duties for Defendants' benefit as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by Federal and District of Columbia law.

12

77. Defendants owe Plaintiffs wages for work duties performed as set forth above.

78. Defendants' failure to pay Plaintiffs wages, as set forth above, constitutes a violation of Plaintiffs' right to receive wages as guaranteed by the DCWPCL.

WHEREFORE, Defendants are liable to Plaintiffs under Count III, for all unpaid wages in such an amount to be proven at trial, plus liquidated damages as provided by statute (treble damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## RELIEF SOUGHT

WHEREFORE, Named Plaintiff, individually and on behalf of all those similarly situated, collectively pray that this Honorable Court:

79. Issue an Order certifying this action as a collective action under the FLSA and D.C. Code § 32-1308, and designate the Plaintiff as the representative of all those similarly situated under the collective action;

80. Issue an Order certifying this action as a class action under the DCMWA and DCWPCL, and designate the Plaintiff as the representative on behalf of all those similarly situated under the DCMWA and DCWPCL class;

81. Award Plaintiff and all those similarly situated actual damages for all unpaid wages found due to Plaintiff and those similarly situated and statutory plus an award of liquidated damages as provided by the DCMWA and DCWPCL;

82. Award Plaintiff and all those similarly situated pre- and post-judgment interest at the statutory rate;

83. Award Plaintiff and all those similarly situated attorneys' fees, costs, and disbursements calculated at *Salazar* Index Rates; and

84. Award Plaintiff and all those similarly situated further legal equitable relief as this Court deems necessary, just and proper.

Respectfully submitted,

_____
Michael K. Amster
Bar Number: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiff/*
*Putative Class Members*