UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **RUTH MELANIE CASTRO**, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | Civil Action No. 21-282 (FYP) |
| **TIERNO CARE HOME HEALTH AGENCY, INC.**, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs Ruth Castro and Carolina Sanchez, individually and on behalf of others similarly situated, bring this action against defendants Tierno Care Home Health Agency, Inc. ("Tierno Care"), J&S Health Care, LLC ("J&S"), Professional Healthcare Resources of Washington DC, Inc. ("PHR"), Sonia Colbert,[1] and Jose Dolores Cruz Romero,[2] seeking unpaid wages and lost overtime pay. *See* ECF No. 6 (Am. Compl.). The Amended Complaint alleges violations of (1) the Federal Fair Labor Standards Act ("FLSA"); (2) the D.C. Minimum Wage Act; and the (3) D.C. Wage Payment and Wage Collection Law. *Id.*, ¶¶ 65–85. Before this Court is Defendant PHR's Motion to Dismiss Count I of the Amended Complaint; Plaintiffs' Opposition; and Defendant's Reply.[3] PHR argues that Plaintiffs fail to state a claim under the FLSA because they fail to sufficiently allege that PHR is a joint employer with Tierno Care and

---

[1]  Sonia Colbert owns and operates Tierno Care. *See* Am. Compl., ¶ 5.
[2]  Jose Delores Cruz Romeo owns and operates J&S. *See* Am. Compl., ¶ 7.
[3]  Defendants Tierno Care, J&S, Colbert, and Romero filed a joint answer to the Amended Complaint. *See* ECF No. 13 (Ans. to Am. Compl.).

J&S.  *See* ECF No. 8 at 4 (Def. Mot.).  The Court has considered the papers and the relevant law.  For the following reasons, Defendant PHR's Motion to Dismiss is denied.

## BACKGROUND

Plaintiffs Ruth Castro and Carolina Sanchez both worked as home health care aides for Tierno Care.  *See* Am. Compl., ¶¶ 17–18.  PHR contracted with Tierno Care to supply home healthcare workers to its patients.  *Id.*, ¶ 19.  Plaintiffs received their paychecks from both Tierno Care and J&S.  *Id.*, ¶ 28.  Both Ms. Castro and Ms. Sanchez regularly worked more than forty hours per week.  *Id.*, ¶¶ 22–24.  Plaintiffs allege that throughout their employment, Defendants failed to pay them at 1.5 times their regular rate for their overtime hours, as required by law.  *Id.*, ¶ 26.

Plaintiffs allege that Tierno Care, J&S, and PHR are joint employers.  *Id.*, ¶ 40.  According to Plaintiffs, Tierno Care and J&S coordinated with PHR regarding patient care; PHR managed Plaintiffs' time sheets; and PHR closely monitored Plaintiffs' work.  *Id.*  Plaintiffs also note that they recorded their time and documented their care on official PHR paperwork.  *Id.*, ¶ 20.  It is further alleged that PHR exercised a high degree of control over Tierno Care and J&S and controlled the way patients were cared for.  *Id.*, ¶ 43.  Along with Tierno Care and J&S, PHR allegedly had the power to hire, fire, and suspend Plaintiffs; to supervise Plaintiffs' work duties; to set and control Plaintiffs' work schedule; to set and determine Plaintiffs' rate and method of pay; and to control day-to-day operations.  *Id.*, ¶ 44.

## LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "state a claim upon which relief can be granted."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 552 (2007).  Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6)

motion, *id.* at 555, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

When considering a motion to dismiss, a court must construe a complaint liberally in the plaintiff's favor, "treat[ing] the complaint's factual allegations as true" and granting "plaintiff the benefit of all inferences that can be derived from the facts alleged." *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1113 (D.C. Cir. 2000) (internal citations and quotation marks omitted); *see also Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Although a plaintiff may survive a Rule 12(b)(6) motion even if "'recovery is very remote and unlikely,'" the facts alleged in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555–56 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## ANALYSIS

Defendant PHR argues that Plaintiffs fail to allege that PHR is a joint employer under the FLSA because they provide no factual support for their allegations. *See* Def. Mot. at 4–5. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate[.]" *See* 29 U.S.C. § 207(a)(1). An employer "includes any person acting directly or indirectly in the interest of an employer in relation to an employee[.]" *Id.* at § 203(d). The "FLSA contemplates the existence of joint employer relationships", where an employee is employed by multiple entities. *See Ivanov v. Sunset Pools Management Inc.*, 567 F. Supp. 2d 189, 194 (D.D.C. 2008). While the D.C. Circuit has not specified a test for determining whether a joint employer relationship exists, some factors that other circuits consider include: the nature and degree of control employers have

over their workers; the degree of supervision; the power to determine pay; and the right to hire, fire or modify employment conditions.  *See Layton v. DHL Exp. (USA) Inc.*, 686 F.3d 1172, 1176–78 (11th Cir. 2012); *see also Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61, 72 (2d. Cir. 2003) (listing six non-exclusive factors including the degree of supervision exercised); *Salinas v. Commercial Interiors, Inc.*, 848 F.3d 125, 141–42 (4th Cir. 2017) (developing a six-factor test including whether employers have the power to direct, control, or supervise the workers).

Here, Plaintiffs were paid by Tierno Care and J&S, but PHR contracted with Tierno Care and J&S to secure Plaintiffs' services for patients under PHR's care.  *See* Am. Compl., ¶¶ 19–28. Plaintiffs allege that PHR "[h]ad the power to hire, fire, suspend, and otherwise discipline Plaintiffs;" "[s]et and determined . . . Plaintiffs' rate and method of pay;" and "[s]et and controlled Plaintiffs' work schedule[.]" *Id.*, ¶ 44.  Plaintiffs also contend that they "note their time and document their care on official [PHR] Paperwork", *id.*, ¶ 20, and that PHR "manage[s] Plaintiffs' time sheets . . . and closely monitor[s] Plaintiffs' work[.]" *Id.*, ¶ 40.  Defendant PHR asserts that these allegations are insufficient because the original Complaint alleged these same facts only against Tierno Care and J&S, and Plaintiffs provide no factual support for the addition of PHR.  *See* Def. Mot. at 5.

The Court finds *Harris v. Medical Transportation Management, Inc.* highly instructive. 300 F. Supp. 3d 234 (D.D.C. 2018).  There, the court considered a motion to dismiss from a non-employer transportation company, which allegedly had only indirect authority over the employees in question.  *Id.* at 237–38.  The plaintiffs in *Harris* worked as drivers for companies that contracted with the defendant to provide transportation services.  *Id.* at 238.  Even though the defendant was not their "direct" employer, plaintiffs contended that the defendant

4

transportation company was a joint employer because it allegedly had the authority to hire and fire employees, control their daily responsibilities, and control the payment of wages.  *Id.* at 238.

In denying the motion to dismiss, the court in *Harris* reasoned that there was no need to choose a specific test to determine joint-employer status at such an early phase in the litigation; that the question is highly fact intensive; and that it should be very difficult to secure dismissal before discovery.  *Id.* at 243.  The Court noted that an FLSA claim premised on joint employment should only be dismissed "when the plaintiff fail[s] to allege *any* facts that would support the inference that the defendant had any control over the employment relationship."  *Id.* (alteration in original).  Here, as in *Harris*, we are at an early phase of the litigation, and Plaintiffs have alleged facts that would support a finding of a joint-employer relationship.  *See generally* Am. Compl.  These allegations are more specific than Defendant admits, particularly regarding the control over the hours worked and the work schedule.  *See id.*, ¶ 40.  Thus, the Court finds that Plaintiffs have alleged sufficient facts to survive a motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court will deny Defendant PHR's Motion to Dismiss Count I of the Amended Complaint.  A separate Order will issue this day.

_____
Florence Y. Pan
United States District Judge

Date:  October 22, 2021