IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUTH MELANIE CASTRO <br> 10430 EDGEFIELD DR <br> ADELPHI, MD 20783 <br><br> *Individually and on Behalf of All* <br> *Others Similarly Situated* <br><br> PLAINTIFFS, <br><br> v. <br><br> TIERNO CARE HOME HEALTH AGENCY, INC. <br> D/B/A TIERNO CARE AGENCY, ET AL. <br><br> DEFENDANTS. | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * Case No.: 1:21-cv-00282-FYP <br> * <br> * <br> * <br> * <br> * |

*********************************************************************

## MOTION TO ENFORCE SETTLEMENT AGREEMENT AND FOR CONFESSED JUDGMENT AS TO TIERNO DEFENDANTS

Plaintiff Ruth Castro, on behalf of herself and others similarly situated ("Plaintiffs"), by and through her undersigned attorneys and pursuant to D.C. Rule 68-I and Federal Rule of Civil Procedure 54, hereby files this complaint for confession of judgment against Tierno Home Health Agency, Inc., J & S Health Care, LLC, Sonia Colbert, and Jose Dolores Cruz, ("Tierno Defendants") jointly and severally, in the amount of $576,000, plus interest, fees, and expenses, and any other amount to which Plaintiffs are entitled. In support thereof, she states the following:

### A. SUMMARY

On January 29, 2021, Plaintiff Ruth Castro filed a class and collective action complaint against Tierno Care Home Health Agency, J & S Health Care, Professional Healthcare Resources, Sonia Colbert, and Jose Dolores Cruz Romero. The parties litigated until July 17, 2023, when they reached a settlement in principle. On July 20, 2023, the settlement terms were finalized by Plaintiffs, Professional, and the Tierno Defendants.

This settlement agreement allowed the Tierno Defendants to pay in installments, however, the Tierno Defendants failed to make the initial $2,000 settlement payment due on December 1, 2023, despite the signing of the joint stipulation by the plaintiff's counsel on August 1, 2023, and the filing of a joint stipulation of dismissal with prejudice on August 22, 2023. As per the settlement agreement, Plaintiffs notified the Tierno Defendants of the breach, but the Tierno Defendants did not provide notice that payment would be forthcoming. The settlement agreement stipulates that in the event of default, the Tierno Defendants agree to confess a judgment in favor of the plaintiffs in the amount of $576,000, plus attorney's fees and costs. Therefore, the Plaintiffs are filing this motion to enforce the settlement agreement and seeking a judgment by confession pursuant to Federal Rule of Civil Procedure 54. It is worth noting that confession judgments are valid in the District of Columbia.

### B. <u>FACTS</u>

1.    As stated in Plaintiffs Amended Complaint, Docket 6, Tierno Care Agency is or was a D.C. corporation doing business in the District of Columbia. Sonia Colbert owns and operates Tierno Care Agency, and J & S Health Care is a D.C. limited liability company doing business in the District of Columbia. Jose Dolores Cruz Romero owns and operates J & S Health Care. Sonia Colbert and Jose Dolores Cruz Romero are family members.

2.    On January 29, 2021, Plaintiff filed on behalf of herself and all other similarly situated individuals, opt-in Plaintiffs, and Class members (collectively "Plaintiffs"), a Class and Collective Action Complaint against Defendants Tierno Care Home Health Agency, Inc. d/b/a Tierno Care Agency ("Tierno Care Agency"), J & S Health Care, LLC ("J & S Health Care"), Professional Healthcare Resources of Washington DC, Inc. ("Professional Healthcare Resources"), Sonia Colbert and Jose Dolores Cruz Romero (collectively, "Defendants").

3.	The parties then proceeded to litigation, until July 17, 2023, when the parties participated in a settlement conference on July 17, 2023, leading to a settlement in-principle. The case was stayed due to this agreement. On July 20, 2023, the settlement terms were executed by Tierno and J&S, and confirmed received by all parties the next day.

4.	Despite the signing of the joint stipulation by the plaintiff's counsel on August 1, 2023, and the filing of a joint stipulation of dismissal with prejudice on August 22, 2023, the Tierno Defendants failed to make the initial $2,000 settlement payment due on December 1, 2023.

5.	As per the agreement, Counsel for Plaintiffs notified counsel for the Tierno Defendants, Richard Basile, that the Tierno Defendants were in breach. In response, Mr. Basile indicated financial difficulties for the Tierno Defendants. Despite additional follow-up, he has not provided notice that payment will be forthcoming. Exhibit B.

6.	The initial settlement period was to conclude on November 1, 2033, as outlined in Exhibit A, which Plaintiffs are seeking to file under seal.

7.	The Tierno Defendants agreed in the event of a default sum to "confess a judgment, without process, in favor of Plaintiffs and against Tierno Home Health Agency, Inc., J & S Health Care, LLC, Sonia Colbert, and Jose Dolores Cruz, jointly and severally, in the amount of $576,000, less any payments the Tierno Defendants paid pursuant to this Agreement."

8.	Further, the Tierno Defendants agreed in the event they failed to cure the default timely, the Tierno Defendants agreed to pay Plaintiffs all attorney's fees and costs incurred in connection with the filing and the collection of such consent judgment. The parties agreed that Plaintiffs' attorneys' fees should be computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000) was updated to account for the current market hourly rates for attorneys' services.

3

## C. **LEGAL STANDARD**

9. Federal courts "use the applicable state's contract law to construe and enforce settlement agreements." *Vinnett v. Gen. Elec. Co.*, 271 F. App'x 908, 912 (11th Cir. 2008) (citing *Ins. Concepts, Inc. v. W. Life Ins. Co*., 639 F.2d 1108, 1111-12 (5th Cir. 1981)). District of Columbia law requires a party seeking to enforce a settlement agreement to prove the elements of contract formation. *Novecon Ltd. v. Bulgarian Am. Enter. Fund*, 190 F.3d 556, 564 (D.C. Cir. 1999), cert. denied, 529 U.S. 1037 (2000); *Greene v. Rumsfeld*, 266 F.Supp.2d 125, 135-36 (D.D.C. 2003). The moving party must show an agreement to all material terms and an intention of the parties to be bound by the agreement. *United States v. Mahoney*, 247 F.3d 279, 285 (D.C. Cir. 2001); *Greene*, 266 F.Supp.2d at 136.

10. In light of their agreement. Plaintiffs seek a "judgment by confession" pursuant to Federal Rule of Civil Procedure 54. A confession judgment is "an ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing." *Boosalis Options, LP v. Farnbacher Loles Motorsports, LLC,* No. 09-80316, 2010 U.S. Dist. LEXIS 12118, at *2 (N.D. Cal. Jan. 22, 2010) (citing *D.H. Overmyer Co. v. Frick Co*., 405 U.S. 174, 176 (1972)). While the Federal Rules of Civil Procedure do not refer to confessed judgments, and courts have found that confession judgments are not authorized in Federal courts to circumvent the filing of a complaint, summons, and service, this case was pending for over 2 years prior to the parties entering a settlement agreement*. Id*. at *3, Docket No. 1.

11. While a judgment by confession is a "product" of state law and has no counterpart in the Federal rules, confession judgments are valid in the District of Columbia. See *FDIC v. Deglau*, 207 F.3d 153, 159 (3d Cir. 2000) ("Judgment by confession is a product of state law, having no analog in the federal rules . . . the state's Rules of Civil Procedure prescribe the

4

procedures and filing prerequisites for obtaining confessed judgments . . .," quoting *Antipas v. 2102, Inc.*, No. 98-cv-1145, 1998 WL 306537, at *1-2 (E.D. Pa. June 9, 1998)). Confession judgments are valid in the District of Columbia, and therefore that form of relief is available to the plaintiff in this Court. See D.C. SUP. CT. R. CIV. P. 68-I(c)-(d); see also *Stambler v. Holt*, No. 92-0582, 1992 WL 165985, at *1 (D.D.C. July 06, 1992) ("The Supreme Court has upheld the constitutionality of entering judgments by confession under certain factual situations." (citing *D.H. Overmyer Co*, 405 U.S. at 187)). Courts may enforce confession judgments when parties are "sophisticated business persons" or have not raised a valid defense. See id.; see also *Costin v. Hollywood Credit Clothing Co.*, 140 A.2d 696, 698 (D.C. 1958) (confession judgments).

## D. ARGUMENT

12. There is no dispute that a valid settlement agreement exists, as this case was resolved in principle during mediation on July 17, 2023, and the case was stayed pending a final agreement. On July 20, 2023, the settlement terms were executed by Tierno and J&S, and confirmed received by all parties the next day.

13. Tierno Defendants entered into a settlement agreement with Plaintiffs, and did so with assistance of an attorney and during a mediation conducted with a Magistrate Judge. See Docket No. 78. . Defendants signed the agreement, which stated explicitly "[i]f the Tierno Defendants fail to timely cure the default, Tierno Home Health Agency, Inc., J & S Health Care, LLC, Sonia Colbert, and Jose Dolores Cruz each authorize, irrevocably, any attorney of any court of competent jurisdiction to appear for Plaintiffs in such court, at any time after its right to cure a default has expired (as set forth above), and confess a judgment, without process, in favor of Plaintiffs and against Tierno Home Health Agency, Inc., J & S Health Care, LLC, Sonia Colbert,

and Jose Dolores Cruz, jointly and severally, in the amount of $576,000, less any payments the Tierno Defendants paid pursuant to this Agreement. Ex. A, Confession of Judgment, at § 7.

### E. CONCLUSION

For the foregoing reasons, the Plaintiffs respectfully request that the Court enter a Final Judgment against the Tierno Defendants, jointly and severally, for the amount of $576,000, plus fees and costs to be determined by separate motion.

Respectfully submitted,

\_\_\_\_--*S*--_____
Michael K. Amster
Bar Number: 1001110
Edith K. Thomas
Bar Number: 496388
Zipin, Amster & Greenberg, LLC
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Tel: 301-587-9373
Fax: 240 - 839 - 9142
mamster@zagfirm.com

*Counsel for Plaintiffs*

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th Day of January 17, 2024, a true and correct copy of the foregoing was served on all parties via this Court's CM/ECF system and delivered all counsel of record.

6

/s/
Edith K. Thomas